**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 11-4402**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CESAR AUGUSTO GOMEZ ALVARADO,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:10-cr-00202-TDS-1)

─────────────

Submitted:  October 7, 2011        Decided:  October 20, 2011

─────────────

Before GREGORY, AGEE, and DAVIS, Circuit Judges.

─────────────

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

─────────────

Louis C. Allen, III, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant.  Terri-Lei O'Malley, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cesar Augusto Gomez Alvarado was convicted following his guilty plea to illegal reentry by a previously removed felon, in violation of 8 U.S.C. § 1326(a), (b)(1) (2006). At sentencing, Alvarado challenged whether his prior North Carolina breaking and entering conviction qualified as a felony crime of violence, as required for the sixteen-level enhancement applicable pursuant to U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(ii) (2010), because his sentence for that conviction did not exceed twelve months' imprisonment. The district court denied the objection, relying on United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005), and sentenced Alvarado to eighty months' imprisonment. Alvarado timely appealed.

In his opening brief, Alvarado reasserted his argument that his North Carolina breaking and entering conviction was not punishable by imprisonment for a term exceeding one year and, thus, that the conviction could not serve as the necessary predicate for the sixteen-level increase in his base offense level. Prior to the completion of briefing, the Government moved to remand the case to the district court for resentencing in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). Alvarado joins the Government's motion. We grant the motion to remand, vacate Alvarado's sentence, and remand this case to the district court for resentencing.

2

Further, we affirm Alvarado's conviction, which is not challenged on appeal.

Alvarado's prior North Carolina conviction was not punishable by imprisonment for a term exceeding one year. See N.C. Gen. Stat. § 15A-1340.17(c)-(d) (2009) (setting out minimum and maximum sentences applicable under North Carolina's structured sentencing scheme). When Alvarado raised this argument in the district court, it was foreclosed by our decision in Harp. Subsequently, however, we overruled Harp with our en banc decision in Simmons, in which we sustained a similar argument in favor of the defendant. See Simmons, 649 F.3d at 241, 246-47. In view of our holding in Simmons, we grant the motion to remand, vacate Alvarado's sentence, and remand this case to the district court for resentencing.* Further, we affirm Alvarado's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

_____

\* We of course do not fault the district court for its reliance upon, and application of, unambiguous circuit authority at the time of Alvarado's sentencing.